## BOSTON & MAINE RAILROAD v. CILLEY.

A statute, giving to land-owners a right of appeal from decisions of selectmen laying out highways, will not be construed as applicable to proceedings pending at the time of its passage, unless such intent of the legislature is clearly manifested.

THIS is an appeal by the railroad from the decision of the selectmen of Exeter, laying out a highway under chapter 2621, Pamphlet Laws. At the first term after the entry of the appeal, the railroad moved " that the petition be dismissed, and that the decision of the selectmen thereon be reversed," for various reasons.

And the appellees, being the original petitioners for said highway, at the same term moved that the appeal be dismissed: because

at the time of the passage of the act of June 27, 1862, under which the right of appeal is claimed in this case, the petition for said highway was pending before the selectmen of said Exeter, the same having been presented, notice issued, and a hearing had thereon before said selectmen on May 17, 1862 ; and the further consideration was postponed from time to time until said highway was laid out; and therefore the said act does not apply to the laying out of said highway, and the railroad has no right of appeal.

For the purposes of this case it was admitted that the statements in the motion of the appellees were true.

The questions of law raised by the foregoing motions were reserved.

*Stickney*, for the appellees.

*C. H. Bell*, for the appellants.

BARTLETT, J.   Chapter 2621 of our Pamphlet Laws is not expressly and in terms made applicable to proceedings pending at the time of its enactment, and it will not be construed as extending to them, unless such an intent of the legislature is clearly manifested. Broom Leg. Max. 29 ; *Rich* v. *Flanders*, 39 N. H. 341, 367.

The mere fact that the language of the statute is broad enough to extend to pending proceedings, or that a proviso restricting its effect to future cases is omitted, will not alter this rule.   *Kennett's Petition*, 24 N. H. 141 ; *Colony* v. *Dublin*, 32 N. H. 433.

It is claimed that an intent to make the provisions of the first section of the act in question applicable to pending proceedings is to be inferred from the specific exception in the third section, which repeals section 8 of chapter 51 of the Revised Statutes, " except as to matters now pending thereon."   The statute thus repealed relates merely to appeals by land owners, from awards of land damages made by the commissioners, and perhaps its repeal would not have affected the proceedings then pending ; R. S., ch. 1, sec. 26 ; and the broad exception in sec. 3 of ch. 2621 would not seem inconsistent with the rule of construction in the Revised Statutes.   *Dickinson* v. *Lovell*, 36 N. H. 367 ; R. S., ch. 1, sec. 30.

We do not think that the restriction in the third section of the effect of the repeal by it of the provisions as to appeals from awards of land damages in sec. 8 of ch. 51 of the Revised Statutes, to " matters" not then " pending thereon," clearly shows an intent to extend to pending proceedings the right of appeal from decisions of selectmen laying out highways, given to land owners, &c., by the first section.

No other reasons are suggested for the construction contended for by the appellants, and

*The appeal must be dismissed.*